# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LOL FINANCE COMPANY, LLC,**                                                               **PLAINTIFF,**

**VS.**                                                **CIVIL ACTION NO. 4:06CV90-P-B**

**DELTA PRIDE CATFISH, INC.,**                                          **DEFENDANT.**

## ORDER

This matter comes before the court upon Delta Pride Catfish, Inc.'s Motion to Dismiss or, Alternatively, for Summary Judgment [7-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is the purpose of a motion under FED. R. CIV. P. 12(b)(6) to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, observed:

> [I]n appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

Alternatively, the defendant in this case moves for summary judgment under FED. R. CIV. P. 56. Rule 12 provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In the instant motion, the defendant asks the court to take into account matters outside the pleadings in this case; namely, the prior, related bankruptcy proceeding before the U.S. Bankruptcy Court for the Eastern District of Arkansas. The defendant is correct that the plaintiff's Complaint before this court makes no mention of these proceedings.

Therefore, the court will consider the instant motion as one for summary judgment pursuant to Rules 12 and 56.

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

2

Delta Pride argues that this case it is barred by the doctrines of judicial estoppel, collateral estoppel, and/or equitable estoppel because LOL Finance took a different position regarding Delta Pride in a bankruptcy proceeding involving Jackie and Peggy Johnson who were among Delta Pride's suppliers of catfish. LOL Finance filed an Adversary Complaint objecting to the Chapter 7 discharge of the Johnson's debts in general and specifically the debt of over $370,000 owed to LOL Finance by the Johnsons. Delta Pride contends that since LOL Finance did not accuse Delta Pride of wrongdoing in their Adversary Complaint, but rather concentrated on the fraudulent behavior of the Johnsons, LOL Finance therefore took the position in the bankruptcy proceeding that Delta Pride was without fault.

The doctrine of judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). The three elements required for application of judicial estoppel are: (1) the position of the party to be estopped must be inconsistent with the previous position; (2) the party's previous position must have been accepted by the court; and (3) the party must have acted intentionally in taking such a position. *In re Coastal Plains, Inc.*, 179 F.3d 197, 206, (5th Cir. 1999).

The doctrine of "collateral estoppel or ... issue preclusion bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." *Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978). "It is insufficient for the invocation of issue preclusion that some question of fact or law in a later suit was relevant to a prior adjudication between the parties; the contested issue must have been litigated and

3

necessary to the judgment earlier rendered." *Id*. at 536.

The defendant argues, alternatively, that if it declines to dismiss the instant suit under either the doctrine of judicial estoppel or that of collateral estoppel, the court should do so under equitable principles. Delta Pride points out that the effect of the Order and Judgment of the Bankruptcy Court is that if LOL Finance obtains a judgment from Delta Pride in the case at bar, Delta Pride would have no recourse against the Johnsons since their obligations have been discharged.

Having considered the matter, the court concludes that Delta Pride has not met its burden in demonstrating application of the doctrines of judicial estoppel, collateral estoppel, or equitable relief simply because, as Delta Pride anticipated, the Bankruptcy Court's Order and Judgment specifically preserved LOL Finance's claims, if any, against Delta Pride. More specifically, paragraph 8 of said Order states in pertinent part: "LOL expressly reserves any and all claims it may have against Delta Pride, and this judgment is without prejudice to such claims."

Furthermore, in the Bankruptcy Case LOL Finance did not clearly absolve Delta Pride of any wrongdoing even though they concentrated almost exclusively on the Johnsons' conduct. In paragraph 8 of LOL Finance's Amended Complaint filed in the bankruptcy proceeding, LOL Finance discussed the Johnsons' (Debtors) mutilation and falsification of records. In that same paragraph, LOL Finance hinted at Delta Pride's role in the matter: "[The Debtors] mutilated, altered, and falsified their own records **and had Delta Pride alter and falsify its records**, in an effort to prevent true ascertainment of their business."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Delta Pride Catfish, Inc.'s Motion to Dismiss or, Alternatively, for Summary Judgment [7-1] is **DENIED**; and

(2) The parties are to notify the U.S. Magistrate Judge by December 6, 2006 of this ruling.

**SO ORDERED** this the 29th day of November, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE